## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RAYMOND AIGBEKAEN,
    *Petitioner*,

    v.                                                    No. 3:21-cv-1672 (VAB)

WARDEN,
    *Respondent.*

### RULING AND ORDER

Raymond Aigbekaen ("Petitioner") has filed a writ of habeas corpus under 28 U.S.C §

2241 against Timethea Pullen ("Respondent") in his official capacity as Warden of Federal

Correctional Institution Danbury ("FCI Danbury").

In response, Mr. Pullen has filed motions to dismiss the claims against him.

For the reasons set forth below, this Court **GRANTS** Mr. Pullen's motions, and Mr.

Aigbekaen's habeas corpus petition is **DISMISSED** in its entirety.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2016, Mr. Aigbekaen was convicted of sex trafficking offenses in the

United States District Court for the District of Maryland. *See* Jury Verdict, *United States v.*

*Aigbekaen*, 1:15-cr-462 (D. Md. Sept. 29, 2016), ECF No. 189.

On February 9, 2017, a judge imposed a 180 month prison sentence. Judgment, *United*

*States v. Aigbekaen*, 1:15-cr-462 (D. Md. Feb. 9, 2017), ECF No. 228. On appeal, the Fourth

Circuit upheld Mr. Aigbekaen's convictions and sentence. *United States v. Aigbekaen*, 943 F.3d

713, 717 (4th Cir. 2019).

On January 27, 2021, Mr. Aigbekaen filed a writ of hebeas corpus in this District, which was assigned to U.S. District Court Judge Michael Shea. *See* Petition for Writ of Habeas Corpus, *Aigbekaen v. United States*, 3:21-cv-113 (D. Conn. Jan. 27, 2021), ECF No. 1. Although this petition was brought under 28 U.S.C. § 2241, many of its claims amounted to a collateral attack on Mr. Aigbekan's criminal convictions and sentence. Order at 3–4, *Aigbekaen v. United States*, 3:21-cv-113 (D. Conn. Mar. 12, 2021), ECF No. 8. Judge Shea transferred these collateral attack claims to the District of Maryland for consideration as a motion filed under 28 U.S.C. § 2255. *Id.* at 6–7. The remainder of Mr. Aigbekaen's claims were dismissed, and this initial habeas case is now closed. *Id.* at 12.

On June 1, 2021, the District of Maryland docketed the claims transferred by Judge Shea as a § 2555 motion. *See* Order, *United States v. Aigbekaen*, 1:15-cr-462 (D. Md. June 1, 2021), ECF No. 453. As of the filing of this order, Mr. Aigbekean is still litigating this § 2255 action in the District of Maryland.

On December 16, 2021, Mr. Aigbekean filed a new habeas corpus petition in the District of Connecticut, which is the subject of this order. *See* Petition for Writ of Habeas Corpus, *Aigbekaen v. Warden*, 3:21-cv-1672 (D. Conn. Dec. 16, 2021), ECF No. 1. This petition, again, partially serves as a collateral attack to the legality of Mr. Aigbekaen's District of Maryland convictions and sentence. *Id.*

Mr. Aigbekean specifically seeks reversal of his convictions because: (1) he is actually innocent of his crimes of conviction; (2) mental illness left him incompetent to stand trial; (3) the Government constructively amended its complaint through improper closing argument; (4) a purported change to the legal definition of a "minor" invalidates one of his crimes of conviction;

and (5) the Government admitted evidence obtained through a warrantless search and seizure at his trial. *Id.* at 2–7. Mr. Aigbekaen also requests a reduction to his prison sentence due to a claimed entitlement to retroactive application of ameliorative amendments to sentencing laws. *Id.* at 6.

Mr. Aigbekan's current habeas petition also serves as a challenge to his conditions of confinement. In this challenge, Mr. Aigbekan alleges: (1) deliberate indifference to his health and safety needs in violation of the Eighth Amendment; (2) an inability to freely practice his religion in violation of the Religous Freedom Reformation Act and the Religious Land Use and Institutionalized Persons Act; (3) an entitlement to immediate release and/or home confinement due to his vulnerability to Covid-19; (4) deprivation of meaningful access to the courts in violation of the First Amendment; (5) a racially discriminatory denial of home confinement placement in violation of the Fourteenth Amendment; and (6) non-consensual medication with Ivermectine, a drug which has not been approved by the FDA for human use. *Id.* at 5–8.

Mr. Aigbekaen filed his most recent habeas corpus petition—the one currently before this Court—while incarcerated at FCI Danbury. But he has since been transferred to FCI Loretto—a federal penitentiary located in Pennsylvania. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 6, 2022) (searching with BOP registration number 94655-379).

In response to Mr. Aigbekaen's petition, Mr. Pullen filed a motion to dismiss asserting that: (1) this Court lacks jurisdiction to review collateral attacks to Aigbekaen's criminal convictions and sentence; (2) this Court has no authority to order Mr. Aigbekaen's release from prison and/or placement on home confinement; and (3) Mr. Aigbekaen has not yet exhausted

administrative remedies for his challenged conditions of confinement. Def.'s Mot. to Dismiss, ECF No. 11-1 (Feb. 25, 2022) ("Mot. to Dismiss"). Not long after this initial filing, Mr. Pullen filed a supplemental motion contending that Mr. Aigbekaen's transfer from FCI Danbury to FCI Lorretto has rendered all of his condition of confinement claims moot. Def.'s Supp. Mot. to Dismiss, ECF No. 13 (Mar. 31, 2022) ("Supp. Mot. to Dismiss").

Mr. Aigbekaen has not responded to either of Mr. Pullen's motions to dismiss.

## II.    Discussion

Mr. Aigbekaen's claims fall into two categories: (1) collateral attacks to his convictions and sentence; and (2) challenges to his conditions of confinement.

This Court addresses each type of claim in turn.

### A.    Collateral Attacks to Convictions and Sentence

Federal courts are empowered to grant relief to inmates serving a federal prison sentence through two relevant sources—28 U.S.C. § 2241 and 28 U.S.C. § 2255. Under § 2241, courts are authorized to review writs of habeas corpus challenging the "execution of [a federal prisoner's] sentence." *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002) (citation and emphasis omitted). Such review may entail "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, . . . or conditions of confinement." *Id.* (citations omitted).

Section 2255 permits review of a very different type of claim—a collateral challenge to the legality of a conviction or sentence imposed by a federal court. *Id.* This is the sort of claim through which a prisoner would seek a reversed criminal conviction or a vacated sentence. *Id.*

When prisoners petition for habeas corpus under § 2241, "jurisdiction lies in only one district: the district of [their] confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). In contrast, when prisoners move for relief under § 2255, jurisdiction lies in the district of "the convicting court." *Adams v. U.S.*, 372 F.3d 132, 135 (2d Cir. 2004).

Since criminal defendants are oftentimes convicted of a crime in one jurisdiction, but then incarcerated in another, federal prisoners oftentimes must file § 2241 petitions and § 2255 motions in separate jurisdictions. *See e.g.*, *Beras v. Johnson*, 978 F.3d 246, 250 (5th Cir. 2020). Mr. Aigbekan is one such prisoner. Having been convicted of crimes within the District of Maryland, he must collaterally attack the legality of those convictions, and that sentence, exclusively within that jurisdiction. And, while he was incarcerated within the state of Connecticut, any habeas petition challenging the conditions of his confinement lie exclusively within this jurisdiction.

In rare circumstances, federal courts may review claims typically reserved for § 2255 motions within § 2241 habeas petitions. *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). But to warrant such review, a prisoner must: (1) show that relief is "procedurally unavailable" through a § 2255 motion; and (2) "assert a claim of actual innocence that . . . is prov[able] . . . on the existing record and . . . [which] could not have effectively [been] raised at an earlier time." *Id*. (internal quotation marks and citations omitted).

Here, Mr. Aigbekaen cannot establish the procedural unavailability of a remedy through a § 2255 motion because he is currently litigating a § 2255 motion in the very jurisdiction in which his collateral attack claims should be heard—the District of Maryland. And, without a threshold

showing of a procedurally unavailable remedy, this Court has no jurisdiction to review Mr.

Aigbekaen's § 2255 claims.

Accordingly, these claims will be dismissed from Mr. Aigbekaen's § 2241 petition.

### B. Challenges to Conditions of Confinement

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to

the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir.

2012) (internal quotation marks omitted). "When the issues in dispute between the parties 'are no

longer "live,"' a case becomes moot, . . . and the 'court—whether trial, appellate, or Supreme—

loses jurisdiction over the suit, which therefore must be dismissed.'" *Lillbask ex rel. Mauclaire v.*

*State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (internal citations omitted).

Since mootness would deprive this Court of jurisdiction to review the substantive merits

of Mr. Aigbekaen's claims, this Court must begin its analysis with this threshold issue. *See*

*Aladdin Cap. Holdings, LLC v. Donoyan*, 438 Fed. App'x. 14, 15 (2d Cir. 2011) ("We must first

address whether we have Article III jurisdiction and resolve an issue of mootness.")

By challenging his conditions of confinement through a writ of habeas corpus, Mr.

Aigbekaen's remedies are limited to potential injunctive relief. *See Preiser v. Rodriguez*, 411

U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or

available federal remedy.") Such injunctive relief (*i.e.*, an order for the Warden of FCI Danbury

to take, or refrain from taking, particular action), if granted, would no longer be of any use to Mr.

Aigbekaen, since he is currently incarcerated in ICF Lorretto. *See Beagle v. Easter*, 3:20-cv-

01894, 2021 WL 1026885, at *3 (D. Conn. Mar. 17, 2021) (recognizing that prison wardens

cannot control conditions of confinement at facilities which they do not manage). Thus, Mr.

6

Aigbekaen's condition of confinement claims are now moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d. Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.").

Accordingly, these claims will be dismissed from Mr. Aigbekaen's § 2241 petition.

## III.    Conclusion

Because Mr. Aigbekaen's claims in this §2241 petition either: (1) must be litigated through a § 2255 motion in the District of Maryland; or (2) are now moot, this Court lacks the jurisdiction necessary to review any of Mr. Aigbekaen's claims.

Accordingly, Respondent's motions are **GRANTED**, and the writ of habeas corpus is **DISMISSED** in its entirety.

The Clerk of Court is directed to entered judgment for the Respondent and close this case

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of August, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE